IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

IN ADMIRALTY

CASE NO.

IN RE THE COMPLAINT OF:
ROYAL CARIBBEAN CRUISES LTD.,
as owner of the 2016 Sea-Doo GTS Vessel bearing
serial number YDV33657C616
for Exoneration from or Limitation of Liability.
_____/

## VERIFIED COMPLAINT FOR EXONERATION
## FROM OR LIMITATION OF LIABILITY

Plaintiff, ROYAL CARIBBEAN CRUISES LTD. ("RCL"), as owner of the 2016 Sea-Doo GTS vessel bearing serial number YDV33657C616, brings this action for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.* (Limitation of Liability Act), Federal Rules of Civil Procedure Supplemental Rule F, and Local Admiralty Rule F and alleges:

1.      This is a case under the Court's admiralty jurisdiction.

2.      At all times material hereto, Plaintiff was a foreign corporation duly organized and existing under the laws of Liberia.

3.      The subject vessel is a 2016 Sea-Doo GTS personal watercraft, owned by Plaintiff, bearing serial number YDV33657C616.

4.      On or about June 24, 2017, Teresa Coldwell was a passenger of the RCL cruise ship *Enchantment of the Seas*. While the ship was in CocoCay, Bahamas, Coldwell participated in a WaveJet Tour excursion in the waters off the coast of CocoCay.

5.      Upon information and belief, while Coldwell was a passenger on the subject Sea-

doo vessel, which was being operated by her husband, John Coldwell, the vessel struck a wave, causing it to bounce. Upon landing, Coldwell complained of pain in her back.

6. On June 24, 2017, Coldwell visited the medical center on the *Enchantment of the Seas* complaining of back pain.

7. On July 7, 2017, John Coldwell sent an email to Plaintiff, stating that Teresa Coldwell was under treatment with an orthopedic specialist, and requesting compensation for expenses associated with this treatment.

8. Venue in this District is proper under Supplemental Rule F(9) as the vessel has not been attached nor arrested and suit has not been commenced against the owner in any other district court.

9. Venue is also appropriate with this court because the Passenger Ticket Contract entered into between Plaintiff and Coldwell contains a forum selection clause to litigate all claims between Plaintiff and Coldwell in the Southern District of Florida in Miami-Dade County, Florida.

10. This Complaint is filed within six months of the date Plaintiff received first written notice of any possible claim from any claimant following the aforesaid incident.

11. At all relevant times the Plaintiff was the sole owner of the vessel and was without privity or knowledge of any negligent and/or unseaworthy condition of the vessel which may have caused or contributed to any injury sustained by Coldwell by reason of the incident described herein.

12. The incident, and any and all damages, injuries and losses which may have resulted from the incident, were not caused or contributed to by any fault, design, neglect, negligence or want of due care on the part of Plaintiff, or any person or persons for whom

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

Plaintiff is responsible. Further, the injuries and/or damages sustained by Coldwell by reason of the incident described herein, if any, were not caused by, contributed to, or due to any fault, neglect, negligence, design, or want of due care on the part of Plaintiff or any person or persons for whom Plaintiff is responsible.

13.    As a result of the incident described herein, a claim has been presented to the Plaintiff which is believed to exceed the value of the vessel.  The Plaintiff is unaware of the total amount of claims that may be made for loss, damage, injury, destruction or death growing out of this casualty, but anticipates and believes that lawsuits and claims will be asserted and prosecuted against it in amounts exceeding the total sum or sums for which Plaintiff may be legally responsible or may be required to pay under the Limitation of Liability Act.

14.    There are no demands, lawsuits, unsatisfied liens, or claims of lien against the vessel arising out of the subject voyage, other than the claim presented by Link.

15.    To the best of Plaintiff's knowledge, the vessel did not sustain damage in the subject incident. The entire aggregate amount and value of Plaintiff's interest in the vessel at the end of the subject voyage is USD $5,261.60 as set forth in the Affidavit of Value executed by accredited marine surveyor Rolando R. Santos which is attached hereto as Exhibit "A". The vessel had no pending freight as set forth in the Affidavit of No Pending Freight attached hereto as Exhibit "B".

16.    Plaintiff, as owner of the vessel, claims exoneration from or limitation of liability for any and all loss, damage, death, injury, or destruction caused by  the incident herein described, or done, occasioned, or incurred on the voyage during which the incident occurred and for any and all claims therefore. Plaintiff alleges that it has valid defenses thereto on the facts and under the law.  Plaintiff, without admitting, but affirmatively denying all liability, claims the

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

benefit of the limitation of liability provided for in 46 U.S.C. §§ 30501 *et seq.* and to that end, Plaintiff will deposit with the Court, as security for the benefit of claims, an Ad Interim Stipulation of Value equal to the amount of Plaintiff's interest in the vessel, as required by law.

17.     If it later appears that Plaintiff is or may be liable and the amount or value of Plaintiff's interest in the vessel as aforesaid is not sufficient to pay all losses in full, then all claimants shall share pro rata in the aforesaid sum, saving to claimants any rights or priority they may have as ordered by this Court or as provided by the above statutes, by the above cited rules, and by the rules and practices of this Court.

WHEREFORE, Plaintiff requests that this Court:

1.     Enter an Order:

a.     Approving the Ad Interim Stipulation for Value as to form and quantum, and further ordering that if the amount of the Ad Interim Stipulation is not contested by any Claimant, said Stipulation shall stand as a Stipulation for Value;

b.     Issuing a Monition out of and under the seal of this Court against all persons or corporations claiming damage for any and all loss, destruction, damage, injuries, and/or death allegedly resulting from the incident described herein, to file their respective claims with the Clerk of this Court and to serve on the attorneys for Plaintiff copies thereof on or before a date to be set by this Court, and that all persons or corporations so presenting claims and desiring to contest the allegations of the Complaint shall file an answer to the Complaint in this Court and shall serve on the attorneys for the Plaintiff copies thereof, or be defaulted;

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

    c. Providing for publication of notice of said Monition in accordance with Supplemental Rule F (Proposed Notice attached hereto as Exhibit "C");

    d. Enjoining the commencement of further prosecution of any action, suit or proceeding in any court whatsoever, and further enjoining the institution and prosecution of any suits, actions or legal proceedings, of any nature or description whatsoever, in any court whatsoever, except in these proceedings, in respect to any claim arising out of, or connected with the incident described herein; and

    e. Providing that service of the Order as a restraining order in this District may be made in the usual manner as any other district of the United States by delivery by the Marshal of the United States for such District of a certified copy of the Order on the person or persons to be restrained or to their respective attorneys, or alternatively, by mailing a conformed copy of it to the person or persons to be restrained or to their respective attorney (Proposed Order attached hereto as Exhibit "D") and ;

    2. Adjudge that Plaintiff is not liable to any extent for any loss, damage, injury or destruction or for any claim therefore in any way arising out of or resulting from the incident described herein; or, if Plaintiff shall be adjudged liable, then the liability be limited to the value or amount of Plaintiff's interest in the vessel and that Plaintiff be discharged from liability on the surrender of its interest, and that the money surrendered, paid, or secured to be paid, be divided pro rata according to the statutes mentioned above among the claimants as they may duly prove and claim in accordance with the provisions of the order hereby requested, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

Plaintiff  from all further liabilities;

3.      That the Plaintiff may have such other and further relief as the Justice of the cause

may require.

Respectfully submitted this 5th day of January, 2018.

BY: */s/ Darren W. Friedman* _____ ____
Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Rachael M. Fagenson, Esq. (FBN 91868)
Rmitchell@fflegal.com
Elisha Sullivan, Esq. (FBN 57559)
esullivan@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
Counsel for Plaintiff


**(VERIFICATION ON FOLLOWING PAGE)**

## **VERIFICATION**

STATE OF FLORIDA          )
                                            SS)
COUNTY OF MIAMI          )

BEFORE ME, the undersigned authority, personally appeared **MIGUEL HERNANDEZ**, who, being first duly sworn according to law, deposes and says he has read the Complaint, and as to the facts stated to be true, they are true, and as to the facts stated on information and belief, he is informed that that they are true.


Miguel Hernandez
Supervisor Guest Claims
Royal Caribbean Cruises, Ltd.
1050 Caribbean Way
Miami, FL 33132

SWORN TO and SUBSCRIBED TO before me on this 5 day of January, 2018.

Individual personally known _____

OR

Individual produced identification _____

Type and number of identification produced_____.


NOTARY PUBLIC

My Commission Expires:_____



LINDA MCGRATH CRUZ
Notary Public - State of Florida
Commission # FF 221694
My Comm. Expires Apr 16, 2019
Bonded through National Notary Assn.

Page 7